IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FRED WILSON,<br><br>Defendant. | CRIMINAL ACTION<br>NO. 06-677 |

**OPINION**

**Slomsky, J.**                                                                                                                    **August 22, 2024**

I.      **INTRODUCTION**[1]

Before the Court is Petitioner Fred Wilson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[2] (Doc. Nos. 73, 77.) The crux of Petitioner's argument is that his conviction for using and carrying a firearm during a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A), should be vacated because his Hobbs Act robbery conviction under 18 U.S.C. § 1951(a) is not a "crime of violence." For a similar reason, he also challenges his career offender enhancement under the federal sentencing guidelines. For reasons that follow, his § 2255 Motion will be denied.

---

[1] On October 24, 2008, this case was reassigned from the Honorable James T. Giles to the Honorable Joel H. Slomsky. (Doc. No. 45.)

[2] On August 27, 2019, pursuant to In re Michael Matthews, et al., the Third Circuit granted Petitioner leave to file a successive habeas corpus petition. (See Doc. No. 76; see also In re Mathews, 934 F.3d 296, n. 2 (3d Cir. 2019).) In In re Mathews, the Third Circuit stayed several §2255 petitions to allow district courts to determine whether the petitioners' prior felony convictions qualify under the "elements" clause or the "residual" clause of 18 U.S.C. § 924(c)(3)(A) and (B)). On August 27, 2019, in accordance with the Third Circuit's Order, Petitioner's initial §2255 Petition was reentered on the docket. (See Doc. No. 77.)

## II.     BACKGROUND

On March 7, 2008, Petitioner pled guilty to the following offenses: (1) interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a) ("Count One"), (2) using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)[3] ("Count Two") and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) ("Count Three").  (See Doc. No. 37.)  The convictions stemmed from a robbery of a 7-Eleven convenience store located at 6101 Ridge Avenue in Philadelphia.  (See Doc. No. 1.)

On August 28, 2008, Petitioner was sentenced to 84 months' imprisonment pursuant to § 924(c)'s mandatory minimum to run consecutive to 60 months' imprisonment imposed on the other counts of conviction.  (Doc. No. 37.)  At sentencing, in calculating Petitioner's federal sentencing guidelines, Judge Giles found that Petitioner was a career offender under United States Sentencing Guidelines § 4B1.1(a).[4]  (Doc. No. 47 at 11.)

---

[3]  A "crime of violence" is defined in 18 U.S.C. § 924(c)(3)(A) and (B) as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Subsection (A) is referred to as the "elements" clause.  Subsection (B) is referred to as the "residual" clause.

[4]  U.S.S.G. § 4B1.1(a) provides as follows:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior

On June 19, 2016 and August 27, 2019, Petitioner filed the instant Motion pursuant to 28 U.S.C. § 2255. (Doc. Nos. 73, 77.) As noted, in his Motion, he argues that the Count Two predicate crime of Hobbs Act robbery did not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) and that he did not qualify for the career offender enhancement under the sentencing guidelines. (See id.)

### III. STANDARD OF REVIEW

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) the sentence imposed was in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Section 2255(b) provides the procedure for reviewing the motion:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

§ 2255(b).

---

felony convictions of either a crime of violence or a controlled substance offense.

3

The district court is given discretion in determining whether to hold an evidentiary hearing on a prisoner's motion under § 2255.  See United States v. Vaughn, 704 F. App'x 207, 211 (3d Cir. 2017); Gov't of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  In exercising that discretion, a Court must decide whether the petitioner's claims, if proven, would entitle him to relief and then consider whether an evidentiary hearing is needed to determine the truth of the allegations.  See Gov't of the Virgin Islands v. Weatherwax, 20 F.3d 572, 574 (3d Cir. 1994).  Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'"  United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 909 F.2d 39, 41–42 (3d Cir. 1992)); see also United States v. Arrington, 13 F.4th 331 (3d Cir. 2021); Forte, 865 F.2d at 62.

## IV.  ANALYSIS

As noted, in his § 2255 Motion, Petitioner argues that his § 924(c)(1)(A) conviction should be vacated because his Hobbs Act robbery conviction is not a "crime of violence" under the "elements" clause in § 924(c)(3)(A).  Second, he argues he is not a career offender because his Hobbs Act robbery conviction fell under Sentencing Guideline § 4B1.2(a)(2)'s "residual" clause, which is now void for vagueness.

### a.  Petitioner's § 2255 Motion was Timely Filed

Before discussing the merits of Petitioner's arguments, the Court must address whether his § 2255 Motion was timely filed.  First, the Court finds that Petitioner's Motion was timely filed. Petitioner filed his Motion pursuant to 28 U.S.C. § 2255.  28 U.S.C. § 2255(f)(3) provides that a one-year period of limitation applies to § 2255 motions running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. §

4

2255(f)(3). Here, in a somewhat analogous case decided on June 26, 2015, in <u>Johnson v. United States</u>, the United State Supreme Court held that the "residual" clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. See <u>Johnson</u>, 576 U.S. 591 (2015). The "residual" clause in the ACCA is similar to the "residual" clause in §924(c)(3)(B). Petitioner filed his § 2255 Motion on June 19, 2016. (<u>See</u> Doc. Nos. 73, 77.) The Third Circuit Court of Appeals has held that § 2255 motions dealing with the "residual" clause of § 924(c)(1)(B) are timely filed within one year of the Supreme Court's <u>Johnson</u> decision. See <u>United States v. Collazo</u>, 856 F. App'x 380, 383 (3d Cir. 2021). Although Petitioner's argument here after the <u>Johnson</u> and <u>Davis</u> cases only involves the "elements" clause of § 924(c)(3)(A), the Court will construe the allegations in his § 2255 Motion liberally and hold that Petitioner's Motion was timely filed under 28 U.S.C. § 2255(f)(3). The Court also will consider his argument on the career offender enhancement.

### b. Petitioner's Hobbs Act Robbery Conviction Qualifies as a "Crime of Violence"

Next, the Court will turn to Petitioner's argument that his Hobbs Act robbery conviction does not qualify as a "crime of violence."

18 U.S.C. § 924(c)(1)(A) makes it an offense and "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'" <u>United States v. Davis</u>, 139 S. Ct. 2319, 2324 (2019) (quoting 18 U.S.C. § 924(c)(1)(A)). As noted, the statute defines a "crime of violence" as:

an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

5

The first clause in subsection (A) is known as the "elements" clause, and the second clause in subsection (B) is known as the "residual" clause. The clause in subsection (A) requires a court to determine "whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." Stoney, 62 F.4th at 113. The clause in subsection (B), the "residual" clause cannot apply to Petitioner's § 924(c) conviction because in United States v. Davis, 139 S. Ct. 2319 (2019), the Supreme Court held that the "residual" clause in § 924(c)(3)(B) is unconstitutionally vague. Therefore, an offense that had previously been considered a "crime of violence" under the "residual" clause can no longer serve as a predicate offense for a § 924(c)(1)(A) conviction.

Turning to Petitioner's completed Hobbs Act robbery conviction, in Stoney, the Third Circuit held that a completed Hobbs Act robbery offense in violation of 18 U.S.C. § 1951(a) qualifies as a "crime of violence" under the "elements" clause. Id. Here, Count Two in Petitioner's Indictment specifically refers to this offense as the "crime of violence." It provides as follows:

> On or about December 23, 2005, in Philadelphia, in the Eastern District of Pennsylvania, defendant
>
> FRED WILSON
>
> knowingly used and carried a firearm, that is, a Hi-Point Firearms .40 caliber handgun, serial number 101203, loaded with one live round of ammunition, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, interference with interstate commerce by robbery, in violation of Title 18, United States Code, Section 1951(a). In violation of Title 18, United States Code, Section 924(c)(1).

(Doc. No. 1 at 3.) Thus, Petitioner's conviction for the completed Hobbs Act robbery appropriately served as the predicate "crime of violence" for his § 924(c)(1)(A) conviction. For this reason, the first argument in his § 2255 Motion fails.

### c. Petitioner Qualified for the Career Offender Enhancement

Finally, Petitioner challenges his career offender enhancement under § 4B1.1 of the United States Federal Sentencing Guidelines. He contends that his Hobbs Act robbery conviction "fell under § 4B1.2(a)(2)'s residual clause, which is now void for vagueness" and because he "was not convicted of a felony crime of violence or a controlled substance offense, he is not a career offender and his sentence violates due process of law." (Doc. No. 73 at 8.) As described above, in Johnson, the United States Supreme Court struck down the career offender provision, § 4B1.2(a)(2), also known as the "residual" clause, for being vague. However, "the remainder of the definition was left intact." United States v. Dobbin, 629 F. App'x 448, 452 (3d Cir. 2015). The remainder of 4B1.2(a) provided:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
>> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another

§ 4B1.2(a)(1).

As noted above, § 4B1.1(a) provides the elements for a career offender. It reads as follows:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

In this case, Judge Giles found that Petitioner's completed Hobbs Act robbery conviction, referred to as the "crime of violence" in Count Two, qualified as the "crime of violence" under the "elements clause" of § 4B1.2(a)(1). This holding was proper because it reads essentially the same as the "elements" clause in § 924(c)(3)(A), which was upheld in Stoney, supra, with the exception that § 924(c)(3)(A) includes the use of physical force against the person or property of another

7

while § 4B1.2(a)(1) only includes the use of physical force against the person of another. Judge Giles did not use the "residual" clause, 18 U.S.C. § 924(c)(3)(B), in determining whether Petitioner qualified for the career offender enhancement.

In addition, Petitioner's two prior felony convictions that were relied upon by Judge Giles were Petitioner's two prior controlled substance offenses, not any crimes of violence. For these reasons, and the fact that Petitioner was over eighteen (18) years old at the time of conviction, Judge Giles found Petitioner qualified as a career offender. Accordingly, his challenge to the application of the career offender enhancement when calculating his sentencing guideline is without merit.

## V.     CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion (Doc. Nos. 73, 77) is without merit and will be denied without an evidentiary hearing because the record shows conclusively that he is not entitled to relief. When a court issues a final Order denying a § 2255 motion, the Court must also decide whether to issue or deny a certificate of appealability. See 28 U.S.C. § 2255, R. 11(a). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court will not issue a certificate of appealability in this case because Petitioner failed to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.